IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CR-117-3-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BARRY C. MALONEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motions to dismiss pursuant to Federal

Rule of Criminal Procedure 12(b). Defendant moves the court to dismiss the indictment as it relates

to him or in the alternative to dismiss counts sixteen, seventeen, and eighteen of the indictment as

it relates to him. The government has filed responses in opposition. Accordingly, this matter is ripe

for disposition.

## I. BACKGROUND

On 10 May 2007, the grand jury returned an eighteen count indictment against defendant

Barry C. Maloney, as well as six co-defendants. The indictment charges defendant with conspiracy

in violation of 18 U.S.C. § 371 and seventeen counts of mail fraud in violation of 18 U.S.C. §§ 1341

and 2. The indictment alleges that defendant and his co-defendants were engaged in securities fraud

whereby sales agents would induce individuals to invest in the company Mobile Billboards of

America, Inc. ("MBA"). MBA purportedly was involved advertising mounted on the sides of

trucks. In exchange for seven yearly investments in increments of $20,000, the investors were

promised a 13.49% annual return, payable monthly. This monthly return was purportedly generated

by the mobile advertising. MBA sold these investments through individual sales agents from the

company's formation in early 2001 through August 2004.

Prior to the formation of MBA, co-defendants Michael A. Lomas and Micheal L. Young operated another business entity, The Agency Alliance Group ("TAAG"). TAAG sold investments in the same manner as MBA, promising investors a 15% annual return, payable monthly, in exchange for five yearly investments in increments of $6,000. TAAG told investors that the monthly return was generated by coin-operated telephones. After the State of Pennsylvania order TAAG to cease and desist its investment program because the state determined that the terms of the program made it a security, defendant, an attorney and accountant, was hired by Young to represent TAAG.

Following the cease and desist order, defendant allegedly assisted Young and Lomas in creating a new entity called National Payphone Corporation, which again offered investments to individuals, promising a 14.35% annual return, payable monthly, in exchange for seven yearly investments in increments of $7,000. As with TAAG, the return was purportedly generated by coin-operated telephones. Following publicity of a federal lawsuit against an unrelated entity making similar promises to investors based on revenue purportedly generated by coin-operated telephones, defendant allegedly assisted Lomas and Young in creating MBA.

## II. DISCUSSION

### A. Motion to Dismiss Indictment

An indictment need only contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is constitutionally sufficient if it: (1) states the elements of the offense so that the defendant is fairly informed of the charges; and (2) is specific enough to enable the defendant to raise the defense of double jeopardy in a subsequent prosecution for the same offense. Hamling v. United States, 418

2

U.S. 87, 117 (1974); United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998). An indictment that tracks the language of a statute is generally sufficient. Hamling, 418 U.S. at 117; see United States v. Gordon, 780 F.2d 1165, 1171 (5th Cir. 1986) (indictment that tracts language of conspiracy and mail fraud statutes is sufficient); United States v. Modi, 197 F. Supp. 2d 525, 529 (W.D. Va. 2002) (same). The government is not required to plead detailed factual allegations in the indictment. United States v. Resendiz-Ponce, 127 S.Ct. 782, 789 (2007).

Defendant argues that the indictment should be dismissed because the charges fail to allege any contact between defendant and any investor as well as meaningful contact or control over those who were promoting and selling the allegedly fraudulent business investments. Defendant's arguments, however, are misplaced because they are based on civil statutes such as those relating to securities law and are thus inapplicable to the court's analysis of the indictment.

Defendant has been charged with violations of 18 U.S.C. §§ 1341 and 2 (mail fraud), and 18 U.S.C. § 371 (conspiracy to commit mail fraud). The indictment tracks the language of those statutes and alleges each element of the crimes. Defendant has not alleged a constitutional defect with the indictment and the court can find none. Therefore, the court finds that the indictment is sufficient and defendant's motion to dismiss is DENIED.

**B. Motion to Dismiss Counts Sixteen, Seventeen, and Eighteen**

In counts sixteen, seventeen, and eighteen, defendant is charged with mail fraud based on acts committed by his alleged co-conspirators on 3 September 2004, 5 October 2004, and 23 April 2007 in furtherance of the alleged conspiracy. Defendant argues that his resignation as counsel for MBA on 26 August 2004 equates to withdrawal from any alleged conspiracy and requires dismissal of these three counts.

A member of a conspiracy is criminally responsible for acts committed by co-conspirators in furtherance of that conspiracy until the member shows that the conspiracy terminated or he withdrew from it. Pinkerton v. United States, 328 U.S. 640, 646-47 (1946). Withdrawal can be accomplished through "[a]ffirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators." United States v. United States Gypsum Co., 438 U.S. 422, 465 (1978). Defendant bears the burden of proving his withdrawal from the conspiracy. United States v. Walker, 796 F.2d 43, 49 (4th Cir. 1986). If defendant produces evidence of withdrawal, the issue must then be decided by the trier of fact, and the government would have the burden of proving beyond a reasonable doubt that defendant did not withdraw. United States v. West, 877 F.2d 281, 289 (4th Cir. 1989); United States v. Urbanik, 801 F.2d 692, 697 (4th Cir. 1986).

Assuming without deciding that defendant's resignation letter constitutes sufficient evidence of withdrawal, dismissal is not warranted; rather, the issue of withdrawal, if it is to be determined at all, must be determined by the trier of fact. Defendant's motion to dismiss counts sixteen, seventeen, and eighteen of the indictment is DENIED.

This 2 January 2008.

_____
W. Earl Britt
Senior U.S. District Judge

USA/BCM/MKM

4